MEMORANDUM OPINION
MARK W. POULEY, Chief Judge.
THIS MATTER came on before the Court on Defendant’s MOTION TO DISMISS. BASED UPON the case record to date, and argument of the parties, the Court orally DENIED the motion. This opinion is consistent with and memorializes that ruling.
Defendant is charged with Possession of a Controlled Substance and Possession of Drug Paraphernalia. It is alleged that on February 7, 2011 Defendant was in possession of marijuana and a glass pipe that is used to ingest or inhale a controlled substance. Defendant argues that the charges should be dismissed because possession of marijuana should be excluded from prosecution pursuant to Washington state statute RCW 69.51 which he asserts permits his use of the drug because it is recommended by a health care provider. The court rejects this argument and DENIES the motion to dismiss.
The Defendant is charged with violating STC 4-10.020(A)(3) illegal possession of marijuana.[1] The relevant portion of the Swinomish statute reads as follows:
*188 4-10.020 Controlled Substances That Are Illegal Without a Valid Prescription.
(A) Any substance that contains any quantity of a chemical that falls within the following categories is illegal to possess without a valid prescription:
[[Image here]]
(3) Marijuana;
[[Image here]]
(B) If there is any doubt as to whether a substance is illegal or not, the court shall be guided by the provisions of RCW 69.50, Schedule I through V, attached hereto.
The definitions section of the Swinomish statute states:
4-10.010 Definitions.
All terms used in this Chapter shall be given their commonly accepted meaning or as defined in Section 4-01.040. If there is any doubt as to the meaning of a term, the court shall be guided by the definitions contained in RCW 69.50, et seq., as currently in effect (copy attached) or as later amended. Nothing in this Chapter shall be construed to make illegal an act that is legal under the Uniform Controlled Substances Act,
STC 4.10 et. seq. does not incorporate by reference RCW 69.50. The Swinomish Code merely states that “if there is any doubt about the meaning of a term” and “any doubt as to whether a substance is illegal or not” the tribal court may turn to RCW 69.50 for guidance. There is no doubt or confusion that possession of marijuana is illegal pursuant to the Swinomish Code and RCW 69.50. The Swinomish statute unambiguously makes possession of marijuana illegal so there is no need for this court to look to RCW 69.50 for any guidance.
The Defendant emphasizes the language in 4-10.020 to argue it is not illegal to possess marijuana if one has a “valid prescription.” While not argued by the Defendant, the Court notes that STC 4-10.010 states “[njothing in this Chapter shall be construed to make illegal an act that is legal under the Uniform Controlled Substances Act.” Citing RCW 69.51A, in which Washington has decided that a person may not be prosecuted for the “medical use” of marijuana, the Defendant argues his use should not be prosecuted by the Swinomish Tribe. The Defendant argues that possession of a written authorization for medical use of marijuana from a medical provider that meets the standards set forth under RCW 69.51A is the equivalent of a “valid prescription” in STC 4-10.020. The court rejects this argument.
RCW 69.51A does not legalize medical use of marijuana, but creates a statutory defense in the prosecution for possession of a controlled substance. State v. Fry, 168 Wash.2d 1, 228 P.3d 1 (2010) Similarly, the act does not recognize a medical provider’s authorization for such use as a “valid prescription.” A medical provider’s authorization merely validates a patient’s qualifications for medical use of marijuana pursuant to the act. Marijuana remains a controlled substance and may not be prescribed under Federal law. It therefore remains illegal and a medical “authorization for use” is not a “valid prescription” that renders possession of marijuana legal. RCW 69.51A creates a statutory defense to prosecution and there is no equivalent language in the Swinomish code creating a similar defense.
*189 As stated earlier the mentions of RCW 69.50 in STC 4-10 are not the equivalent of an express incorporation by reference. Still RCW 69.51A would not apply in this case even if RCW 69.50 were expressly incorporated in the tribal code. An independent sovereign may fully incorporate by reference the laws of another sovereign including an incorporation of future amendments to that law. See, Wiley v. Colville Confederated Tribes, 2 CCAR 60 (1995). Accepted canons of statutory construction require the court to find, however, express statutory language setting forth the incorporation. In this case, the Swinomish Code does not expressly incorporate by reference RCW 69.50 and it surely does not incorporate RCW 69.51A since it never mentions that section. Neither is RCW 69.51A an amendment to RCW 69.50, but merely an additional law that creates a statutory defense or exception to enforcement of RCW 69.50. This court can find no legal basis to conclude that where a legislature has expressly incorporated by reference a particular statutory provision, a court may them imply that the legislature also intended to incorporate by reference subsequently passed legislation that merely references the enforcement of the prior law. Even if the Swinomish Tribal Code incorporated by reference RCW 69.50, it did not incorporate RCW 69.51A and the court will not do so by implication.
There is nothing in the Swinomish Tribal Code that suggests the Senate intends this Court to implicitly incorporate a statutory defense created by the Washington State Legislature. STC 4-10 et seq. was passed in it’s original form in 1991. The law was included in the tribe’s codification project and passed in its existing form in 2003. [History] Ord. 184 (9/30/03); Ord. 75 U/2/91) On the other hand, RCW 69.51A was adopted by the state in 1999 and was subsequently amended. 2010 c.2S4 § 2; 2007 c.371 § 3; 1999 c.2 § 6 (Initiative Measure No. 692, approved November 3, 1998). If the Swinomish Tribe intended to adopt this defense or amend STC 4-10 it had the opportunity to do so. In fact, the Senate codified this section without any reference to any affirmative defenses after Washington created the statutory defense contained in RCW 69.51A. This court will not apply a controversial statutory defense created by a foreign jurisdiction when the legislative body of this tribe has so far elected not to adopt a similar provision given the opportunity to do so.
The court also rejects the Defendant’s invitation to create an affirmative defense by court rule. Courts unquestionably have the authority to allow the assertion of affirmative defenses that are based on the development of case law. It is unnecessary to wait for the legislative body to statutorily create all defenses. That said, a court must be mindful of the priorities and values of the community that it serves and make rulings consistent with those values. This court is keenly aware of the high priority the Swinomish community has placed on combating drug abuse, including marijuana use. The Defendant did not present any argument or evidence that suggests there is anything in tribal law, history, custom or tradition that supports adoption of this defense in the Swi-nomish Court. If the community wishes to allow medical use of marijuana that is a topic for the community to discuss and for it’s leaders to address. It is not for this court to dictate that the Swinomish Community should follow lock step with decisions made by the Washington state legislature.
Finding that STC 4-10.020 makes the use and possession of marijuana illegal, and that nothing in RCW 69.50 or 69.51A either legalizes or authorizes the use or *190 possession of marijuana on the Swinomish Reservation, the court DENIES the Defendant’s motion to dismiss. Dated this 13th day of September, 2012.

. The Defendant is also charged with violation of STC 4-11.030 for possessing drug *188 paraphernalia. Presumably, the Defendant contends if his marijuana use is permissible, possession of paraphernalia to inhale marijuana is also permissible. Because the court rejects the first argument, it is unnecessary to further discuss the paraphernalia charge.